J. BRANDIES, APPELLANT, vs. C. P. PERRY, APPEL-LEE.

The head of a family residing in this State is not entitled to claim as a part of his homestead, a detached tract of land separated from the homestead by other parcels of land neither owned nor occupied by the owner of the homestead, though such other tract be used and cultivated as a part of the homestead, and both tracts together do not exceed the constitutional limits as to quantity.

Appeal from the Circuit Court for Alachua county.

STATEMENT.

On January 2, 1893, appellee filed his bill in the Circuit Court of Alachua county, against appellant and L. W. Fennell, sheriff of said county, alleging that on December 2, 1892, appellant obtained judgment against appellee in the Circuit Court of said county for $375.77 and costs; that execution issued the same day, and was at the instance of appellant levied by defendant Fennell, as sheriff, upon certain real estate described in the bill, situated in said county, containing about seventy-five acres; that defend-

ant, Fennell, had advertised the land to be sold under said execution on January 2, 1893; that subsequent to the levy appellee notified the defendant sheriff in writing under oath; that he claimed said land as a part of his homestead and so regarded it; that when the judgment was rendered, and for twenty-five years previous thereto, appellee was a farmer, obtaining his livelihood only by cultivating the ground; that he had owned the land levied upon more than ten years; had purchased it for farming alone, and had used it and was then using it for that purpose only; that he was at the time of the purchase and at the time of filing the bill, the head of a family; that he purchased the land for a homestead for himself, his wife and children, and had ever considered and then considered it his homestead, secured to him by the laws of Florida; that for convenience appellee purchased four acres of land situated about four hundred yards from the lands described in the bill, between which were situated other tracts of land not owned or occupied by appellee, upon which four acres appellee built a dwelling in which he then resided; but that he had always occupied and used and was then using the four-acre tract for the same purpose as the land levied upon, *i. e.* raising farm products as well as for a dwelling; that in locating his dwelling upon the four-acre tract appellee never relinquished or abandoned his homestead rights, but had always adhered to them; that notwithstanding the notice given by appellee to the defendant sheriff, said defendant intended and would proceed to sell the lands on January 2, 1893, under his levy; that appellee only knew of the levy two days before filing the bill, and had not time to give notice of the application for injunction. The bill prayed that the land levied

upon be set apart as a part of appellee's homestead, and for a temporary and permanent injunction against the proposed sale.

The notice given to the sheriff, attached as an exhibit, informed the sheriff that appellee was the head of a family residing in Alachua county; that no lands had ever been selected by or set apart to appellee as a homestead, but that he claimed the lands levied upon as a part of his homestead and exempt from the proposed sale.

The court, on the filing of the bill, granted an order directing the clerk to issue a temporary injunction until further order, and the injunction issued on the same day. No subpœna was ever issued to, or served upon, the appellant, but on July 7, 1893, he, after notice to appellee, moved the court to dissolve the injunction and dismiss the bill upon the ground that there was no equity in the bill. The court refused the motion to dissolve, and from this order appellant entered his appeal.

The other facts in the case are stated in the opinion of the court.

*Horatio Davis*, for Appellant.

No appearance for Appellee.

CARTER, J.:

The bill fails to show whether the two tracts of land mentioned, or either of them, are located within the limits of an incorporated town, but assuming that they are not, the question arises, can the head of a family residing in this State claim as a part of his homestead a detached tract of land, used and cultivated as a part

of the home farm, where both tracts do not exceed in the aggregate the limit of one hundred and sixty acres. Mr. Thompson says the weight of authority is against such claim. Thompson on Homesteads and Exemptions, sec. 145. See also Linn County Bank vs. Hopkins, 47 Kan. 580, 28 Pac. Rep. 606; McCrosky vs. Walker, 55 Ark. 303, 18 S. W. Rep. 169; Waples on Homestead and Exemption, page 153. It is apparent, however, that the question must largely depend upon the language of the statute or Constitution giving the right of homestead exemption, and this language varies in the different States. The right is given in this State by sec. 1, Art. X, Constitution of 1885, which, in so far as it applies to homesteads outside of incorporated cities or towns, provides as follows: "A homestead to the extent of one hundred and sixty acres of land, * * * owned by the head of a family residing in this State, * * * and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." This language is practically the same as used in the Constitution of 1868; and it had been several times construed by this court prior to its incorporation into the present Constitution of 1885. Thus, in Baker vs. State, 17 Fla. 406, it was held that the actual ownership of real estate and its occupation by the head of the family and his family, impressed it with the homestead character. In Solary vs. Hewlett, 18 Fla. 756, and Drucker vs. Rosenstein, 19 Fla. 191, it was held that actual occupation of real estate as a *home* of the family was necessary to constitute such land a homestead, exempt from forced sale under process against

the head of such family.   In the case of Oliver vs.
Snowden, 18 Fla. 823, it was held that a party resid-
ing in an incorporated town or city with his family,
and owning land several miles from the town can not.
claim the latter as exempt from forced sale as a home-
stead, it having never been occupied by him as a res-
idence.   In that case the question here involved, viz:
whether two separate tracts of land outside of a city
or town, may be treated as a homestead, the residence
being upon one of them, and the other used as a part
of the same farm, was stated, but not decided.   It was
there held, however, that the homestead meant by our
Constitution was the home place; the place where the
home is; the house and adjoining land where the head
of the family dwells; the home farm; the land where
is situated the dwelling of the owner and his family.
It was therein stated that "if the homestead, the place
of residence of the debtor and his family, is in the
town or city, the claim of exemption of rural lands.
can not be allowed.   It is only the 'place of the home'
of the debtor and family that can be exempt from
sale for debts."   From this definition of a homestead,
it is evident that the framers of our Constitution had
in mind, not an exemption of a given quantity of land
for the benefit of a debtor, but, the protection from
forced sale of the family home for the benefit of the
debtor and his family.   This view is emphasized by
the language "a homestead, to the *extent* of one hun-
dred and sixty acres of land," meaning a family home
place to the limit, size or bulk of one hundred and
sixty acres.   This being the plain meaning of the lan-
guage used, it is clear that a separate tract of land
never occupied by the family and its head as a home
can not be exempt from forced sale, unless it can be

inferred that by reason of its use as a part of the same farm with the actual home place, it becomes a part thereof for homestead purposes. There is no language in the Constitution to warrant such an inference. We said in McDougall vs. Meginniss, 21 Fla. 362, text 369: "When a party resides on the land as a homestead, and the law is silent as to how much of said land, other than that occupied by his house, he shall use or cultivate, or in what manner he shall use it, or that he shall use or cultivate it at all, we do not feel at liberty to amend the Constitution of the State by the interpolation of further provisions therein, regulating the manner or extent of the use of the homestead, or declaring that a non-user of a part while he remains on the land is an abandonment of that part which takes from it the benefit of the homestead exemption. In our view the owner is only required by the Constitution to live on the land, and the whole one hundred and sixty acres is exempt." The *use* of land for homestead purposes, other than an actual *bona fide* residence thereon as a home for the occupant and his family, is no test by which to ascertain if it is exempt, because it is not made such by the Constitution; neither can its use in connection with, make it a part of, the tract upon which the *home* is located, where the two tracts are entirely separate and distinct. According to the allegations of the bill the appellee did not with his family reside upon the tract of land levied upon; but upon a different tract separated from the one levied upon by other tracts of land neither owned nor occupied by appellee. There was no equity in the bill, and the injunction should have been dissolved.

12

The decree of the court below is reversed, with directions to dissolve the injunction, and, unless appellee desires to amend, to dismiss the bill of complaint.