W. H. MILTON *et al.*, *Appellants,* v. WILLIAM MILTON, *Appellee.*

1. Judgments or decrees are liens upon real estate of the defendant in the county where such judgments or decrees are rendered or recorded as required by the statutes. But under Section 1, of Article X of the Constitution, no judgment or decree or execution shall be a lien upon homestead exempted property, except for taxes or assessments, or for the purchase price thereof, or for improvements on the exempt real estate, or for house, field or other labor performed on the exempt property.

2. A tract of land detached from or not contiguous to the land claimed as a homestead is not a part of the homestead exemption.

3. The statutes authorize courts of equity to set apart homestead exemptions and to enjoin the forced sale of exempt property.

4. Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors.

5. The exemptions from liens and forced sales accorded by the constitution to the head of the family residing in this State do not require the owner of the exempt property to be the sole owner.

6. Where the ancestor dies at the home on land owned by her leaving several children as her heirs, and the month after her death one of her sons removes with his family from an adjoining county upon the land in which he had a coparcener's interest and claims a homestead exemption therein, the land cannot subsequently during his occupancy of it as his homestead, be sold under an execution issued on a judgment obtained against the son before his mother's death.

Appealed from the Circuit Court of Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter*, for Appellants;

*Calhoun & Campbell*, for Appellee.

WHITFIELD, C. J.—This appeal is from a decree enjoining the sale of an undivided interest in land under an execution and setting apart the land as the homestead of William Milton.

In Article X of the constitution it is ordained that "A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.    But no property shall exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on

the same.   The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner, and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article. The exemptions ———— shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified.   Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead as exempted by deed or mortgage duly executed by himself or herself, or by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law.   The legislature shall enact such laws as may be necessary to enforce the provisions of this article."

Judgments or decrees are liens upon the real estate of the defendant in the county where such judgments or decrees are rendered or recorded as required by the statutes.   Secs. 1600, 1601, 1602, Gen. Stats. of 1906.   But no judgment or decree or execution shall be a lien upon homestead exempted property, except for taxes or assessments, or for the purchase price thereof, or for improvements on the exempt real estate, or for house field or other labor performed on the exempt property.   Sec. 1, Article X, Constitution.

A tract of land detached from or not contiguous to the land claimed as a homestead is not a part of the homestead exemption.     Brandies v. Perry, 39 Fla. 172, 22 South. Rep. 268, 63 Am. St. Rep. 163.

The statutes authorize courts of equity to set apart homestead exemptions and to enjoin the forced sale of exempt property.   Secs. 2527, 2528, Gen. Stats.   Smith

v. Gufford, 36 Fla. 481, 18 South. Rep. 717, 51 Am. St. Rep. 37; McMichael v. Grady, 34 Fla. 219, 15 South. Rep. 765.

Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors.

The exemptions from liens and forced sales accorded by the constitution to the head of the family residing in this State do not require the owner of the exempt property to be the sole owner. A coparcener is entitled to possession and such possession may fix the character of a homestead claim. And the right of each of the co-owners to have the property partitioned does not affect the homestead rights of each that legally exist and are in good faith claimed. Until partition the right of each to occupy the whole exists; and when partition is made the rights of each become several and exclusive as decreed or agreed upon. See 21 Cyc. 505, and authorities cited.

It appears that Mrs. Webster owned land on which she died in November, 1910, in Jackson county, Florida, leaving several descendants as her heirs. William Milton, one of her sons, who with his family was living in Washington county at the death of his mother, moved in December, 1910, into the house in which his mother died on her land in Jackson county, and claimed it as his homestead.

On February 1st, 1911, William Milton obtained an injunction against an execution sale of his interest in the land on which he was then living to satisfy judgments obtained against him prior to his mother's death. It does not appear when the execution was issued on the judgments, but if this be material, it will be assumed

from the dates given that William Milton was actually residing on the land with his family before the advertisement of the sale. William Milton's ownership of the land is alleged to be a one-fourth interest in it as an heir of his mother. It does not appear whether the other heirs were also living on the land, but this is not material. Their rights are not affected by this litigation.

When Mrs. Webster died leaving to her heirs as such the land on which she resided, the heirs had a right to occupy the land inherited by them and to claim it as their homestead within the limitations prescribed by the constitution. And it was not necessary for the heirs or any of them to be in actual occupancy of the land at the death of the mother to entitle them to occupy and claim the land as their homestead. An occupancy of the land as a homestead by an heir within a reasonable time under all the circumstances will prevent the forced sale under a judgment against the occupying heir of his interest in the land that is lawfully and in good faith occupied and claimed by him as his homestead.

William Milton and his family moved from another county into his mother's home on the land the month after his mother's death and claimed homestead rights therein. He had no other home, and by the occupancy and claim of homestead rights in the lands he inherited from his mother he acquired a homestead status in the lands, subject to the rights of his co-heirs to partition of land. Under the circumstances of this case, even if the judgments against William Milton became a lien upon his interest in the lands, they were after his occupancy by virtue of the constitution exempt from the forced sale. See Sec. 2521, Gen. Stats. of 1906; Wildermuth v. Koenig, 41 Ohio St. 180; Letchford v. Cary, 52 Miss. 791.

There is no sufficient showing of bad faith on the part

of William Milton in moving on and claiming homestead rights in the lands. Should he abandon his homestead rights in the lands, or cease to be a head of a family residing in this State his rights will be affected thereby; but that is not envolved here. The judgments against William Milton which existed when the execution was issued were obtained before he inherited the property in controversy, so his indebtedness had no relation to the property he inherited and claims as his homestead. The injunction was dissolved as to the portion of the lands not lawfully embraced in the homestead rights, so that question is eliminated.

As William Milton was occupying the land, claiming it in his homestead rights before any active steps were taken to enforce the judgment as to these lands, the discretion of the Chancellor was not abused in assessing the costs against the execution creditor.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.