MINNIE LEE FORT, et al., *Appellants,* v. CORA RIGDON, et al., *Appellees.*

Division B.

Opinion filed July 31, 1930.

Petition for rehearing denied September 4, 1930.

*Hampton & Greene,* for Appellants;

*J. W. Hunter,* for Appellees.

BUFORD, J.—Mitchell Rigdon, Sr., died in July, 1927. He left a last will and testament. This fact, however, is not involved in the decision of the case at bar. At the time of his death he was seized and possessed of a body of land made up of several different tracts purchased by him at different times comprising one contiguous body of 560 acres. Mitchell Rigdon, Sr., had not designated the lands embracing his homestead under the provisions of Sec. 3875, Rev. Gen. Stats., 5782 Comp. Gen. Laws, or otherwise prior to his death. The bill was filed by the appellants here, amongst other things praying a decree for the circuit court to set apart and determine which of the lands owned by Mitchell Rigdon, Sr., to the extent of full 160 acres should constitute the homestead.

The lands owned by Rigdon are described as follows:

"The Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) and the South Half (S½) of the Southwest Quarter (SW¼) and the Northwest Quarter (NW¼) of the Southeast Quarter (SE¼) of Section Twenty-eight (28) in Township Seventeen (17) South of Range Twenty-six East,

"And also

"The Northeast Quarter (NE¼) of the Northeast Quarter (NE¼) of Section Twenty-nine (29) in Township Seventeen (17) South of Range Twenty-six East,

"And also

"The West Half (W½) of the Northeast Quarter (NE¼) and the Northwest Quarter (NW¼) of the Southeast Quarter (SE¼) and the Northwest Quarter (NW¼) and the North Half (N½) of the Southwest Quarter (SW¼) of Section Thirty-three (33) in Township Seventeen (17) South of Range Twenty-six (26) East, said lands being Five Hundred Sixty (560) acres, more or less."

The decree of the chancellor from which appeal is taken designated as the homestead the South Half (S½) of the Southwest Quarter (SW¼) of Section Twenty-eight (28) and the North Half (N½) of the Northwest Quarter (NW¼) of Section Thirty-three (33) in Township Seventeen (17) South, Range Twenty-six (26) East.

The home, that is the place of residence, with the barns, outhouses, etc., occupied by Rigdon and his family during his lifetime and by him and his wife and some members of his family at the time of his death was located in the Southwest Quarter (SW¼) of the Southwest Quarter (SW¼) of the above mentioned Section Twenty-eight(28).

The complainants desired the homestead to be set aside in such manner that the homestead would include all of the most valuable portions of the land owned by Rigdon because of certain improvements on these lands.

We know of no rule of law which would require the chancellor to have followed this suggestion. There appears to be no question but that the chancellor was bound under all the facts and circumstances to designate the South Half of the Southwest Quarter (S½ of SW¼) of Section Twenty-eight (28) as a part of the homestead, leaving eighty (80) acres of the remainder of the land to be selected. It also follows that the chancellor was bound to se-

lect that eighty (80) acres so that it would not be detached from the eighty acres on which the dwelling and barns were located. See Milton v. Milton, 63 Fla. 533, 58 So. R. 718; Brandies v. Perry, 39 Fla. 172, 22 So. R. 268.

In McDougal et al. v. Meginniss et al., 21 Fla. 362, this Court held:

"The Constitution of this State, Section 1, Article 9, exempts a homestead to the extent of one hundred and sixty acres of land outside an incorporated city or town to the head of a family residing in this State, with the improvements on the real estate, without regard to the *use* that may be made of that portion of the tract not covered by the residence and enclosures."
And further, in the same case, the Court say:

"Our Constitution says: 'A homestead to the extent of 160 acres of land * * * owned by the head of a family residing in this State * * * and the improvements on the real estate,' shall be exempt from levy and sale. This language in our view is too plain for elaboration or argument. We have no authority, if the person who claims the land for a homestead resides thereon, is a resident of the State, the head of a family, and there is no more than 160 acres in the tract, to add to any other conditions than those expressed in the Constitution. To say how the homesteader should use his land, whether as a 'farm' or for a 'saw-mill' or a 'grist-mill,' or a 'carding and fulling mill,' would be to impose a judicial condition not found in the Constitution of the State. The Constitution does not prescribe the manner in which the tract shall be *used* beyond residing thereon.

"In the case of Grigg v. Bostwick, 33 California 220; the complainants filed a bill in equity to restrain a

judgment creditor from selling under execution certain lands claimed as a homestead. The California Act, unlike our Constitution, does not prescribe the quantity of land exempted, but limits it as to value, to-wit, $5,000.00. Chief Justice Randall in delivering the opinion of the Court in Oliver v. Snowden, 18 Fla. 823, commenting on this California statute, says: 'This extract shows the difference between the statutory regulations as to the extent of the homestead in that State and in Florida. In this State the extent of the homestead is measured by quantity and not value'.''

The learned chancellor after considering the evidence in the case designated the 80 acres next south of and adjoining the 80 acres on which the dwelling and barns were located as the remainder of the homestead. It is a well settled rule in this, as well as other jurisdictions, that the decree of a chancellor based upon finding of facts will not be disturbed by an appellate court, unless such findings are clearly shown to be erroneous. (Norton v. Baya, 88 Fla. 1, 102 So. R. 361; Douglas et al. v. Ogle, 80 Fla. 42, 85 So. R. 243, and cases there cited.)

It has not been made to clearly appear that the order of the chancellor appealed from was erroneous. Therefore, it should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.