GULF REFINING COMPANY, *Plaintiff in Error,* vs. RUTH WILLIS ANKENY, et al., *Defendants in Error.*

135 So. 521.

Division B.

Opinion filed June 24, 1931.

Petition for rehearing denied August 10, 1931.

*Knight, Pace & Holt, A. C. Dressler* and *Dame & Rogers,* for Plaintiff in Error;

*Fee & Liddon,* for Defendant in Error.

WHITFIELD, P.J.—In an action of enjectment brought by the children of a deceased homestead owner, the defense was not that the portion of the homestead real estate in controversy had been alienated by deed duly executed by the homestead owner and his wife, but that such homestead real estate had been abandoned as a part of the homestead by the deceased owner who had shortly before his death contracted for its sale and had delivered possession of it with the consent of his wife who, pursuant to the contract of sale, executed a conveyance of the land to the purchaser after the death of the husband. The court directed a verdict for the plaintiffs and the jury found the amount of damages. To a judgment on the verdict a writ of error was taken by the defendant.

It appears that Frank H. Willis owned thirteen acres of land on which he lived with his wife and their three minor daughters; that he purchased an adjoining five acres which were separated from the original homestead thirteen acres

by a fence which was allowed to decay leaving bushes on the old fence line; that the entire eighteen acres became the homestead of the husband-father and his family; that some years later the father listed the five acres with a real estate dealer for sale; that an offer for the five acres was accepted and $100.00 paid on the purchase price, for which a receipt was signed at the husband's request in his name by his wife, the husband being in poor health; that the proposed purchaser by permission of the owner had one or more days' work done among the fruit trees on the five acres and took some fruit therefrom; that during the same month the homestead owner died having devised all of his property to his wife, making her his executrix; that during the following month the widow devisee, upon payment of the purchase price, executed a deed of conveyance of the five acres to the wife of the purchaser who had paid the homestead owner $100.00 on the purchase price of the five acres; that subsequently the grantee conveyed the five acres to the defendant corporation.

As the deceased owner of the homestead real estate had children living, his attempted devise of his homestead real estate to his wife was ineffectual. Section 4, Article X, constitution; Walker v. Redding, 40 Fla. 124, 23 So. 565.

"Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition." Milton v. Milton, 63 Fla. 533, 58 So. 718.

"The provisions of the homestead laws should be carried out in the liberal and beneficent spirit in which they were enacted, but at the same time great care should be taken to prevent them from becoming the instruments of fraud." Pasco v. Harley, et al., 73 Fla. 819, 75 So. 30.

Homestead real estate cannot be alienated except by deed or mortgage duly executed by husband and wife, where such relation exists, Thomas, et al. v. Craft, et al., 55 Fla. 842, 46 So. 594; but such homestead real estate may in whole

or in part be abandoned as a homestead, by express declaration and conduct consonant with such declaration, or by conduct that clearly manifests an intention to abandon or relinquish the homestead real estate or a part thereof as the homestead of the family. McGregor v. Kellum and Miller, 50 Fla. 581, 39 So. 697; Murphy and Murphy v. Farquhar and Farquhar, 39 Fla. 350, 22 So. 681; Clark et al. vs. Cox et al., 80 Fla. 63, 85 So. 173.

What constitutes an abandonment or relinquishment of the homestead is to be determined from the pertinent facts and circumstances of each case as it arises.

The action of the court in directing a verdict for the plaintiffs is assigned as error.

"A party in moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

"Where on the evidence adduced there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge." Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435; Gravette v. Turner, 77 Fla. 311, 81 So. 476; See Small Co. v. Lamborn & Co., 267 U. S. 248, 45 Sup. Ct. Rep. 300, 69 L. Ed. 597.

While the evidence of abandonment by the homestead owner of the portion of his homestead real estate here involved is not convincing, still the facts testified to and the inferences that may fairly be deduced therefrom warrant a submission of the issues to a jury under appropriate instructions by the court, even though any verdict found would be subject to review by appropriate procedure.

Reversed for appropriate proceedings.

TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BUFORD, C.J., dissenting:—I think that there is no proof of abandonment of the homestead or any part thereof that would be binding upon the minor children of the homestead owner. If the agreement to sell had embraced the entire homestead and all other things had been one as they were done there would have been no adandonment of the homestead. It appears to me that acts, which if applied to the entire homestead would not work an abandonment of the entire homestead, are insufficient to constitute abandonment, when applied to only a part of the homestead.