CHARLES E. BEDFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6314.   Promulgated September 13, 1945.

*Holt S. McKinney, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency in gift tax for the calendar year 1941 in the amount of $3,730.16. The facts have been stipulated.

The petitioner, an individual, filed his gift tax return for 1941 with the collector of internal revenue for the district of Florida. He has resided at all times material hereto at 1430 Lake Way, Palm Beach, Florida. He owned the property at that address as homestead property under the law of Florida.

The petitioner executed a deed on November 7, 1941, purporting to convey the above described property to his wife, Anna. He had at that time three children all of whom were adults and married. These children and their spouses, on the 10th and 13th of November 1941, executed deeds purporting to convey this same property to Anna. There was no consideration for any of the four deeds above mentioned.

The total value of this homestead property at that time was $60,000. "If the children had the power to dispose of their said alleged remainder interests by gift in November 1941, the value of the children's said alleged remainder interests in November 1941 was $22,344.60."

The petitioner, in his gift tax return, reported that he had made a gift to his wife having a value of $37,655.40, and stated that the remaining value of the property, $22,344.60, was a gift made by his children and separately reported by them. Each child filed a separate

gift tax return reporting a gift of $7,448.20 to Anna. The Commissioner, in determining the deficiency, held that the value of the gift which the petitioner made was $60,000, the value of the entire property. The only question is whether the Commissioner erred in thus increasing the tax shown on the petitioner's return.

The determination of the Commissioner must fall if the petitioner did not make a gift to his wife of the entire fee in the homestead property. A decision for the petitioner is the only alternative under the pleadings, the stipulation, and the briefs if the petitioner could not make such a gift. The petitioner does not claim any overpayment. The gift tax liabilities of the children are not involved herein, and no opinion is expressed as to the legal effect of the deeds given by them.

The constitution of Florida provides for and defines a homestead. A homestead is exempt from forced sale for most debts of the owner. The exemptions inure to the widow and heirs of the owner. The owner must be the head of a family residing on the property. The constitution states how the property may be alienated. A statute of the state provides that the homestead shall descend as other property, except that if the decedent be survived by a widow and lineal descendants, then the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent.

The question here is whether, under the circumstances of this case, the petitioner gave to his wife the entire fee in the homestead property which he owned. The courts of Florida have repeatedly held that homestead property can not be divested of the characteristics which attach to it under the constitution and statutes of Florida, except in the ways provided in the constitution and statutes. One of the purposes of homestead property is to protect the heirs of the head of a family against any attempted transfer of the homestead real estate not contemplated by the constitution. If the husband were permitted to transfer the homestead property to his wife, the property would automatically cease to be homestead because only property which is owned by the head of a family meets the constitutional definition. The Supreme Court of Florida has said that any attempted transfer of homestead property from a husband to his wife, without consideration, while a child of his is living, is void, since it is not the kind of a transfer contemplated by the constitution. *Norton* v. *Baya*, 88 Fla. 1; 102 So. 361; *Jackson* v. *Jackson*, 90 Fla. 563; 107 So. 255; *Church* v. *Lee*, 102 Fla. 478; 136 So. 242. The court in *Norton* v. *Baya, supra*, said:

\* \* \* Where there is a child or children of the husband, who is head of the family, homestead real estate may not be conveyed by deed made by the husband to the wife. In such circumstances an instrument purporting to be a deed from the husband to wife is void. *Byrd* v. *Byrd*, 73 Fla. 322, 74 So. 313; *Thomas* v.

*Craft*, 55 Fla. 842, 46 So. 594, 15 Ann. Cas. 1118. The reason for this rule is that homestead exemptions "inure" to the "heirs", infant or adult, of the owner of the homestead, as well as to the widow. Section 2, art. 10, Const. The "heirs" of the homestead owner, as well as the owner and his wife, if he has one, have an interest in the homestead real estate that can be "alienated" only in the manner provided by the Constitution. Sections 1, 2, art. 10, Const.; *Hutchinson* v. *Stone*, 79 Fla. 157, 84 So. 151. And the homestead rights of the "heirs" of the head of the family may be affected to their detriment if the homestead owner conveys his homestead real estate to his wife. *Rawlins* v. *Dade Lumber Co.*, 80 Fla. 398, 86 So. 334.

Later, in *Church* v. *Lee*, the same court said that a deed executed by a husband and wife to the wife, attempting to convey the homestead property, was prima facie void as against the vested interests of the two children who survived their father, and "that such deed, under the Constitution and statutes of this state, was ineffective to transfer the fee-simple title; that such attempted 'alienation' merely left the title of the homestead substantially where it was before, without divesting it of its character as a homestead."

It is difficult to see, in the light of the above decisions, just what valuable interest the petitioner may have given his wife by his deed of November 7, 1941. Nevertheless, the petitioner concedes that he made a gift of some interest in the property to his wife which was worth $37,655.40, and this Court confines itself to the only issue fairly presented, which is whether or not he made any gift in excess of that amount. The decisions above cited clearly hold that the petitioner, under the circumstances here present, could not and did not transfer fee simple title to the property to his wife by his deed of November 7, 1941, and he could not transfer the remainder interest in the property to which his wife and his heirs will be entitled upon his death. No authority has been cited, and we have not been able to find any, which would indicate that the deed of the father was any more effective because his three adult children soon afterwards gave deeds to his wife covering this same property. We are not willing to hold that those deeds gave, retroactively, greater force and effect to the deed of the petitioner. The question of whether these children were in position to convey any interest in this property has not been briefed and is not decided. However, it should be borne in mind that the title and benefits of homestead property go, under the Florida law, to the heirs of the homestead owner. The heirs of the petitioner will not be known until he dies. These three children may or may not be his heirs. There may be other heirs. If others turn out to be the heirs of the decedent, perhaps they will not be bound by the acts of these three children. We conclude that the Commissioner has erred and that there is no deficiency.

*Decision of no deficiency will be entered.*