OPINION. Fisher, Judge: Respondent determined that none of the proceeds of six insurance policies on decedent’s life qualify for the marital deduction pursuant to section 812 (e) (1) (G), Internal Revenue Code of 1939, since the proceeds were to be held by the companies (with interest or installments payable monthly to the widow) with no power in the surviving spouse to appoint all such proceeds to herself. Petitioner assigned as error respondent’s determination with respect only to three policies issued by The Northwestern Mutual Life Insurance Company. Respondent, however, now concedes that the amount of the proceeds of policy number 3411953 paid to the widow following the Cook County litigation does qualify for the marital deduction. Accordingly, we are herein concerned only with the remaining two policies issued by Northwestern Mutual. Respondent contends that under the terms of the policies the widow has only a terminable interest in the proceeds of the policies which does not qualify for the marital deduction. Although he concedes in his brief that the amount of the proceeds of policy number 3411953 qualifies for the marital deduction “because the [circuit court] hearing was an adversary proceeding and because the surviving spouse has received the proceeds,” he argues that the decision of the State trial court is not controlling in the instant case with respect to the two policies involved herein which were not at. issue in that litigation. We disagree with respondent for the reasons indicated below. Whether the widow acquired more than a terminable interest in the principal proceeds of the policies in issue must be determined from all the facts and circumstances as they would be interpreted under Illinois law. Cf. Estate of Irvin C. Nelson, 24 T. C. 30 (1955); Helvering v. Stuart, 317 U. S. 154 (1942). In the instant case, those facts and circumstances were considered by the Circuit Court of Cook County, Illinois, in a contested, adversary proceeding between the widow and the insurance company with respect to a policy containing pertinent language identical to that contained in the policies in issue, and that court ordered that the principal proceeds of the policy be paid over to the widow. This judgment was satisfied. Independently of how we might interpret the rights of the widow under the policies before us, we believe that we are obliged to accept the interpretation of the local court as a controlling precedent in the application of Illinois law to the facts at hand. In Commissioner v. Morris, (C. A. 2, 1937) 90 F. 2d 962, reversing in part 33 B. T. A. 241, the taxpayer created five trusts of which he and another were trustee. His wife was the beneficiary of one trust and each of his four children was the beneficiary of one of the others. The Board of Tax Appeals found that, according to the terms of the trust agreements under the applicable State law, the trust incomes could be accumulated until the termination of the trust, and it therefore held that the incomes were taxable to the grantor pursuant to the terms of the pertinent revenue provision then in effect. Thereafter, the accumulation provision of one of the five trust agreements was held to be void by the New York Court of Appeals, infra. The Court of Appeals for the Second Circuit based its reversal of the Board of Tax Appeals on this decision of the New York court and stated in part as follows (p. 963) : Speaking first as to the grievance of the taxpayer based on the Board’s inclusion of the ordinary trust income, it is necessary to state that one of these New York trusts was construed in Morris v. Morris, 272 N. Y. 110, 5 N. E. (2d) 56, by the New York Court of Appeals which held that the provision for accumulation of such income for the benefit of the settlor was void under article 2, § 16, of the New York Personal Property Law (Consol. Laws, c. 41) and was to be stricken out leaving the income distributable to the beneficiary by the terms of the trust. That construction is binding, of course, upon us and is to be applied here to each of the other trusts. ******* Since the trusts must now be construed in accordance with the above decision of the New York court, the statute upon which the Board relied has become inapplicable and to that extent its decision must be reversed. In the instant case, there were three policies under each of which the rights of the widow depend upon the interpretation or construction of identical contractual language. The Illinois court construed one of the policies as giving the widow the right to draw down the principal proceeds, and that judgment was satisfied and not appealed. In the absence of authorities to the contrary, we are not convinced that the interpretation of these provisions by the Circuit Court of Cook County was other than in accord with the law of the State of Illinois. Accordingly, in the language of the Court of Appeals in the Morris case, supra, “that construction * * * is to be applied here to each of the other [policies].” We therefore hold that the surviving spouse has the power to appoint the principal proceeds of the two policies in favor of herself, and that the total amount of those proceeds qualifies for the marital deduction pursuant to section 812 (e) (1) (G) of the 1939 Code. We do not deem it material under the peculiar facts of the instant case that the authority for our determination of applicable State law is a judgment of a trial court rather than a decision of an appellate court. See Freuler v. Helvering, 291 U. S. 35 (1934); Blair v. Commissioner, 300 U. S. 5 (1937); and Sharp v. Commissioner, 303 U. S. 624 (1938), a Memorandum Decision reversing 91 F. 2d 802; wherein judgments of trial courts were held determinative of local law for tax purposes. The fact that the insurance company attorneys have advised that it will not pay over the proceeds of the remaining two policies to the widow except on order of a court of competent jurisdiction is also immaterial. It appears to be altogether appropriate for Northwestern Mutual under the circumstances here present to require a court order in order to protect itself against possible future claims by contingent beneficiaries under the policies. The petition filed herein also assigns as error respondent’s determination with respect to the valuation of, and the extent of the widow’s interest in, certain realty included in decedent’s gross estate. This issue has now been settled by stipulation of the parties and will be reflected in the decision. Decision will be entered under Bule 50.