[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12543

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 7, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-80360-CV-JCP
BKCY No. 03-03116-BKC-PG

IN RE:

ANDREA M. CHAUNCEY,

Debtor.

_____

ANDREA M. CHAUNCEY,

Plaintiff-Appellant,

versus

PATRICIA DZIKOWSKI, Trustee,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(July 7, 2006)**

Before  ANDERSON, FAY and SILER[*], Circuit Judges.

SILER, Circuit Judge:

In bankruptcy proceedings, Debtor Andrea Chauncey sought refuge in Florida's protection of the homestead.  The bankruptcy court concluded that Chauncey forfeited discharge of her debt obligations when she fraudulently transferred the proceeds of a personal injury settlement to her mortgagee in an attempt to shield that asset from her creditors.  Accordingly, the bankruptcy court imposed an equitable lien, benefitting the Trustee, Patricia Dzikowski, on Chauncey's homestead property.  On appeal, the district court affirmed the bankruptcy court.  For the following reasons, we **REVERSE in part and AFFIRM in part**.

## I.

When Chauncey filed for bankruptcy in 2002, she owned a home in Lake Worth, Florida.  In the late 1990s, Chauncey opened her own business called AAA Affordable Transmissions ("AAA"), and in 2000, she closed the business. She claimed that she lost all of AAA's books and records and has not been able to locate them since the move.  Thus, she could not make them available to the Trustee for inspection.  Furthermore, Chauncey failed to provide the Trustee with documents

---

[*] The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

related to her financial accounts because she did not retain copies of bank statements or cancelled checks; she claims that due to the cost (between $50.00 and $75.00) of obtaining copies of such records, she cannot afford to do so.

In March 2002, she initiated a personal injury lawsuit against Eclipse Marketing of Utah, Inc. in state court seeking to recover for personal injuries sustained in an accident which occurred between Chauncey and an agent of Eclipse.

Soon thereafter, in July 2002, American Express Centurion Bank filed suit against Chauncey. Chauncey first consulted with her bankruptcy attorney in August 2002, but she did not immediately file for bankruptcy. On October 23, 2002, a judgment in favor of American Express was entered against her.

On November 22, 2002, the personal injury lawsuit was settled for $80,000.00. After payment of attorney's fees and costs, the remaining sum of the settlement funds totaled $47,430.82. Chauncey never took possession of the settlement proceeds; rather, she directed her personal injury attorney to remit the proceeds directly from his trust account to the mortgagee (Chase).

On December 18, 2002, Chase received the payment from Chauncey's personal injury attorney and applied the settlement proceeds to the outstanding principal balance that existed on the mortgage. As a result, the principal of the mortgage was reduced from $82,486.65 to $34,950.02. Chauncey testified that she was afraid that

3

she would lose her home and she realized that the equity in her homestead could be protected from unsecured creditors. Chauncey also denied any intent to deceive, defraud or hinder her creditors.

Chauncey filed her bankruptcy petition on December 31, 2002. She claimed her home as her homestead and as exempt under 11 U.S.C. § 522(b), Fla. Const. Art. 10, § 4(a)(1), and Florida Statute §222.01 (2003). The filing of the bankruptcy case was intentionally delayed until after she received the settlement proceeds and the payment was made to Chase.

## II.

### A.  Trustee is Not Entitled to an Equitable Lien on Chauncey's Home

The bankruptcy court granted, and the district court affirmed, the imposition of an equitable lien on Chauncey's home benefitting the Trustee. Chauncey claims such an action was in error and violative of the Florida Constitution's homestead exemption. This is correct. See Havoco of Am., Ltd. v. Hill, 790 So. 2d 1018, 1020 (Fla. 2001).

The Havoco court acknowledged that "this Court has not hesitated to reach beyond the literal language of the [Florida homestead] exemption to allow the imposition of equitable liens against homestead property used as an 'instrument of fraud or imposition upon creditors.'" Havoco, 790 So. 2d at 1023 (quoting Milton

4

v. Milton, 58 So. 718, 719 (Fla. 1912)). It would, however, stray only "where the equities have demanded it," having "done so rarely and always with due regard to the exceptions provided in article X, section 4." Id. at 1023-24.

The Havoco court concluded that the "transfer of nonexempt assets into an exempt homestead with the intent to hinder, delay, or defraud creditors is not one of the three exceptions to the homestead exemption . . . . We have invoked equitable principles to reach beyond the literal language of the excepts only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead." Id. We later affirmed. Havoco of Am., Ltd. v. Hill, 255 F.3d 1321, 1322 (11th Cir. 2001).

Under Havoco, Chauncey's actions do not warrant the imposition of an equitable lien upon her homestead. She obtained funds, not through fraud, but by instituting a personal injury action against Eclipse, and received a settlement through no wrongdoing. Her decision to delay the filing of a bankruptcy petition until after she received the funds, while blatantly a move designed to deceive her creditors and one made in bad faith, does not rise to the level of fraud, nor does it constitute egregious behavior. The imposition of an equitable lien is not justified under Florida law.

B.  Sufficient Evidence Supports the Bankruptcy Court's Denial of

Discharge

Chauncey also appeals the district court's denial of her right to discharge her debt.  Generally, pre-confirmation debts are discharged in Chapter 7 proceedings, because the debtor's fresh start is the primary objective of bankruptcy law.  11 U.S.C. § 727(b).

The bankruptcy court denied Chauncey a discharge of her debt under both 11 U.S.C. § 727(a)(2)(A) and § 727(a)(3).  Its findings of fact in determining that Chauncey transferred her property within one year before filing her petition with intent to defraud creditors and in failing to keep financial records without justification are not clearly erroneous.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court denying Chauncey's discharge under 11 U.S.C. § 727(a)(2)(A) and (3), and **REVERSE** the judgment of the district court imposing an equitable lien on Chauncey's homestead.