LUCY MACK, ADMINISTRATRIX, ET AL., APPELLANTS, V.
ARTHUR SWANSON, EXECUTOR, ET AL., APPELLEES.

299 N. W. 543

FILED JULY 29, 1941. No. 31139.

*Walter Justin, D. M. Murphy* and *D. M. Murphy, Jr.,* for appellants.

*Gross & Crawford, Spittler & Hupp* and *Fred N. Hellner, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a controversy between the heirs at law of William F. Mack who died December 30, 1937, and the heirs at law of his wife, Charlotte S. Mack, who died January 22, 1939, over distribution of the estates of both decedents.

When the husband and the wife were possessed of separate estates, both real and personal, they executed May 9, 1932, reciprocal wills, identical in form, each devising or bequeathing to the other all the property of the owner for life, any residue of either estate upon the death of both to pass to the heirs of both, share and share alike. They had been married 35 years and were childless. May 7, 1938, the widow executed another will purporting to revoke her former one and giving the residue of all property formerly

owned by both husband and wife to her own heirs at law—brother, nephews and nieces—thus departing from the reciprocal wills.

The plaintiffs are Lucy Mack, administratrix with the will annexed of the estate of William F. Mack, deceased, and Lucy Mack, Charles Mack, Clara M. Bassett and Anna Sweeney, heirs at law.

The defendants are Arthur Swanson, executor of the estate of Charlotte S. Mack, deceased, Arthur Swanson, and her other heirs at law named in the petition.

This is a suit in equity commenced in the district court for Douglas county. One paragraph of the petition reads as follows:

"On or about May 9, 1932, said two spouses, William F. Mack and Charlotte S. Mack, orally agreed that they would dispose of all their said property by leaving the same on the death of either of them to the survivor for life and the remainder or residue after the death of the survivor to the heirs then living of both said spouses and to carry out said plan they would execute their separate wills each naming the other spouse as legatee and devisee for life and giving the remainder or residue to the heirs then living of both said spouses."

The execution of the reciprocal wills, the wife's violation of the oral agreement, and other facts essential to relief in equity are pleaded in the petition. There is a prayer for the specific performance of the oral contract; for distribution of the residue of the estates of both decedents pursuant to the reciprocal wills; for restraint of distribution under the second will of Charlotte S. Mack, and for other equitable relief.

The making of the oral contract and the irrevocability of the reciprocal wills were put in issue by the answer of defendants. At the conclusion of the evidence adduced by plaintiffs, the trial court sustained a motion by defendants to dismiss the suit for want of proof that the husband and wife entered into a contract to execute irrevocable reciprocal wills. From the dismissal plaintiffs appealed.

The question to be determined on appeal is the sufficiency of the evidence to prove an oral agreement by husband and wife to make reciprocal wills. After those instruments were duly and legally executed by both husband and wife without fraud of any kind, a prior oral contract to do so was provable without direct evidence. Both husband and wife were competent to make testamentary disposition of their property. What they in fact did in that particular is evidence of their previous mutual voluntary purpose. Circumstances may evidence a prior, oral agreement for reciprocal wills as well as direct testimony. What the husband willed to his wife was stated by him in his duly executed will as follows:

"I give, devise and bequeath to my beloved wife, Charlotte S. Mack, all of my property, real, personal and mixed, of whatever kind or nature, real estate, stocks and bonds, cash, automobile, and household furniture, to have and to hold during her life and should either of us pass away, whatever of the residue of all properties of every kind and nature shall revert to the heirs of both then living, share and share alike."

What the wife willed to her husband was stated by her in her duly executed and witnessed will as follows:

"I give, devise and bequeath to my beloved husband, William F. Mack, all of my property, real, personal and mixed, of whatever kind or nature, real estate, stocks and bonds, cash, automobile, and household furniture, to have and to hold during his life and should either of us pass away, whatever of the residue of all properties of every kind and nature shall revert to the heirs of both then living, share and share alike."

These wills were drawn at the same time, the only difference between them being changes in names and in references of each to the other. They were signed and witnessed by the same persons at the same time and place a few days after they were drawn. The witnesses to the wills certified that the husband declared in their presence and hearing that the instrument signed by him was his last will and testament and that his wife made a similar declaration.

The executed wills were kept in a strong box accessible to both until after the death of the husband. The wills themselves, the definite purpose stated therein as to where the residue of the property of both should go upon the death of both and the surrounding circumstances, evidence a previous mutual agreement by husband and wife to make the irrevocable testamentary disposition of their property disclosed by the written instruments of identical import. Friends of William F. Mack testified he had at times expressed the purpose of himself and wife to make reciprocal wills, leaving the residue of their property upon the death of both to the heirs of both. The attorney who drew the reciprocal wills testified to the effect that William F. Mack and wife came to his office together; that the husband explained in the presence and hearing of the three of them the mutual plan to leave the residue of their property to the heirs of both, and that pursuant to directions he dictated the wills to a stenographer who read them to both husband and wife and that they both expressed satisfaction therewith. The evidence and circumstances summarized are uncontradicted. For the purposes of equity the oral agreement is fully established. For such purposes the oral agreement and the reciprocal wills should be treated as different parts of a single contract. The mutual promises of the parties amount to sufficient considerations. Performance of the oral contract by both parties during the remainder of the husband's life and the mutual writings pursuant to such oral contract clear the transactions from the statute of frauds. The rules of law and equity observed herein are well established in this state as well as in many other jurisdictions. *Brown v. Webster,* 90 Neb. 591, 134 N. W. 185, and the cases cited therein.

As the record is presented for review, plaintiffs are entitled to equitable relief. The suit therefore was erroneously dismissed. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.