UNION NATIONAL BANK, Executor of the Estate of CHARLES W. H'DOUBLER, Deceased, Plaintiff-Respondent, v. PEARLE M. JESSELL, FRANCIS T. H'DOUBLER and MARGARET N. CLAXTON, Defendants-Appellants, THE UNITED STATES OF AMERICA, Intervenor-Amicus Curiae.—No. 40672.—215 S. W. (2d) 474.

Division Two, December 13, 1948.

*Linton & Hader* and *William R. Collinson* for appellants; *Guy W. Green, Jr.,* of counsel.

468

*Schwab & Carr* and *Farrington & Curtis* for respondent.

*Sam M. Wear,* United States Attorney, by *Earl A. Grimes,* Assistant United States Attorney, amicus curiae.

472

[475] BARRETT, C.—The Union National Bank, the executor of Charles W. H'Doubler's will, instituted this action for a declaratory judgment. The petition prayed for a construction of Mr. H'Doubler's will, for instructions as to the proper distribution of the estate and particularly for a declaration whether United States Savings Bonds totalling $30,000 are the individual property of his three children or whether they are the property of the trust provided for in the will, and "for such other relief as may be just and equitable." The defendants are the testator's three children and six grandchildren. If the bonds properly belong in the testamentary trust the son and two daughters will share in the income of the trust for life and eventually the six grandchildren will receive the principal estate. If they do not belong in the trust they are the absolute property of the three children. The Series "G" bonds are payable to Mr. H'Doubler as purchaser and upon his death are payable to the son and two daughters. They were purchased in 1942 from his personal funds and from funds

which came to him from his wife's estate. They were delivered to the son and are not mentioned in the will.

The trial court found and decreed that the will which Mr. H'Doubler and his wife executed in 1939 was a reciprocal, joint and mutual will, that Mrs. H'Doubler died in 1942 and Mr. H'Doubler probated the will, administered her estate and received the net proceeds. In its opening paragraph the will recites that "Each of us has been induced to become a party to this instrument in consideration of the other party doing likewise, it being understood and agreed between ourselves that neither may change in any particular the provisions hereof without the written consent of the other." The will gave the survivor his or her property for life and required the survivor to devise and bequeath "all the rest, residue, and remainder of our property, real, personal or mixed, wheresoever situate which we now own or may hereafter acquire, jointly or severally, . . . with any other property which the said Charles W. H'Doubler may thereafter acquire," to the trust. Mr. H'Doubler died in 1945 and his estate is being administered under that selfsame will. The trial court decreed that Mr. H'Doubler was bound by the terms of the will and could not purchase and dispose of the bonds contrary to its provisions. Accordingly the court ordered the children to cash the bonds and turn the proceeds over to the executor of the will. The three children appeal from the order and decree.

In substance their argument here falls into two broad general classes: First, that the court erred in taking jurisdiction of the action as a will construction suit because no facts were alleged which called for a construction of Mr. H'Doubler's will and Mrs. H'Doubler's will was not before the court for construction, the only issue made by the pleadings being whether the bonds were or were not a part of the estate of the deceased. Second, it is urged that the court erred in ordering the bonds sold and the proceeds turned over to the estate because the action is solely for the purpose of determining the legal title to the bonds which, as a matter of law, is in the three children as the beneficiaries of a valid contract made for their benefit. In this connection it is urged that the bonds were issued under the superior authority of the laws of the United States and the regulations of the United States Treasury Department, by which they become the property of the named survivors and may only be paid to them and a state court may not decree to the contrary.

▮ At the outset, for the purposes of this opinion, certain of the appellants' arguments may be conceded. It may be conceded, in ordinary circumstances, that Mr. H'Doubler had a right to and even that he did purchase the bonds with his own separate estate. If so and they were delivered to his children before his death it may be conceded that they did not become a part of his estate. It may also be conceded, if these were the only circumstances, that the children

were the donee beneficiaries of valid contracts made for their benefit and therefore the legal owners of the bonds. It may be admitted that the purchase and registration of the bonds in the name of the [476] testator payable upon his death to his children was not a testamentary disposition of his property. But all these arguments are beside the point if Mr. H'Doubler was indubitably bound with his wife by the compact (17 Mich. L. R. 677, 681) and inviolate terms of a joint and mutual will. Plemmons v. Pemberton, 346 Mo. 45, 139 S. W. (2) 910; Findley v. Johnson, (Mo.) 142 S. W. (2) 61 and the annotations in 43 A. L. R. 1020; 57 A. L. R. 607; 60 A. L. R. 627; 102 A. L. R. 491. The appellants tacitly admit that Mr. and Mrs. H'Doubler executed a joint and mutual will and upon this appeal they do not complain of the court's finding in this respect.

As we have said, their initial argument here is that the court erred in taking jurisdiction of the cause as a will construction suit because Mrs. H'Doubler's will was not before the court for construction and no facts were alleged which called for a construction of Mr. H'Doubler's will, the only issue under the pleadings being the legal title to the bonds and whether they were or were not a part of the estate of the deceased. The appellants analyze the petition and seek to demonstrate that it presents but a single justiciable issue, legal title to the bonds. They say, therefore, that the court had no jurisdiction to determine the equitable title to the bonds because "The action is not one involving equity jurisdiction for fraud or mutual mistake" or "an action by the heirs or by the plaintiff as trustee to enforce a contract to devise property, the only method of enforcing such agreement."

In its essence the appellants' argument is addressed to the character and quality of the relief the court may appropriately grant in an action for a declaratory judgment. The petition, admittedly, is not as broad and specific as it might have been but the appellants, instead of attacking the petition, entered their appearance and filed an answer in which they sought to justify the purchase, registration and gift of the bonds as a part of Mr. H'Doubler's separate estate. They stipulated all the essential facts and in effect entered into a submission of the cause upon the respective theories of the parties without objection and having done so they are accordingly bound if the relief decreed may be granted in this type of an action. Stewart v. Shelton, 356 Mo. 258, 262-263, 201 S. W. (2) 395, 397-398; Mo. R. S. A., Secs. 847.63, 847.82.

In the Stewart case, an action to declare a joint and mutual will to have been irrevocable and to set aside deeds, it was appropriately pointed out that equity is the historical affinity of an action for a declaratory judgment. After all, there being no objection to the petition or to the form of the action and a stipulation of the evi-

dence, it is the established facts which compel the quality and extent of the relief the court should grant. State ex rel. Clay County State Bank v. Waltner, 346 Mo. 1138, 145 S. W. (2) 152. Our Declaratory Judgment Act, particularly Sections 1126-1127, 1129-1130 and 1137, Mo. R. S. A., "authorizes courts of record to declare right, status, and other legal relations, 'whether or not further relief is or could be claimed,' and provides that 'further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefore shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.' It is generally held, under statutes containing provisions of this kind, that declaratory and coercive relief may be combined in the same proceeding—that both declaratory and coercive or executory relief may be sought and granted in a single action." Annotation 155 A. L. R. 501, 503. Accordingly it has become accepted that a declaratory judgment may be supplemented by an injunction or a decree of specific performance. Borchard, Declaratory Judgments, pp. 431, 551, 557. It was only by reference to the joint and mutual will, pleaded and in evidence, and the attendant circumstances that it could be justly determined and declared whether the estate or the children were entitled to the bonds and it [477] was only by relief analogous to specific performance that the court could adequately declare and enforce the rights of the parties. It follows, in all the circumstances of this case, that the court had jurisdiction to construe the joint and mutual will and enforce compliance with its applicable provisions. Stewart v. Shelton, supra; State ex rel. Clay County State Bank v. Waltner, supra.

The United States Treasury Bonds are governed by the laws of the United States and the regulations of the United States Treasury Department and, on their face, are payable to the named beneficiaries. Warren v. U. S., 68 Ct. Cl. 634; In re Deyo's Estate, 42 N. Y. S. (2) 379; In re Kalina's Will, 53 N. Y. S. (2) 775 and the collection of cases in 168 A. L. R. 245. In this case, however, the court has not decreed otherwise. The court has decreed that the named payees cash the bonds and deliver the proceeds to the executor in accordance with the will and there is nothing in this phase of the decree contrary to either the laws of the United States or the regulations of the United States Treasury Department. Those laws and regulations do not prevent the declaration of a resulting trust in bonds purchased in fraud of marital rights. Succession of Geagan, 212 La. 574, 33 So. (2) 118; Makinen v. George, 19 Wash. (2) 340, 142 P. (2) 910, 917. And they do not prevent the recovery of the proceeds of bonds if

they have been purchased with fraudulently acquired funds or funds expended in fraud of creditors. Katz v. Driscoll, (Cal.) 194 P. (2) 822; Ibey v. Ibey, 93 N. H. 434, 43 Atl. (2) 157. In this connection it is not necessary to characterize the conduct of the testator. It is sufficient to say that the testator was obligated by the compact of the joint and mutual will with his wife to devise and bequeath their property to the trust regardless of his subsequent good intentions and changed circumstances. The purchase and gift of the bonds to the children was in direct violation of that compact.

Accordingly the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. *Ellison, J.,* and *Tipton, P. J.,* concur; *Leedy, J.,* absent.