ESTATE OF GUST MARION PETERSON, DECEASED, MARY E. PETERSON, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48354. Filed March 14, 1955.

*Daniel Stubbs, Esq.*, for the petitioner.
*Stanley E. Jennings, Esq.*, for the respondent.

#### OPINION.

FISHER, *Judge:* The facts are stipulated by the parties and are incorporated herein by this reference. Only those facts necessary to an understanding of the issue involved herein are set out below.

On June 29, 1949, decedent and his wife executed a joint and mutual will in which they provided in part as follows:

FIRST: The first to die directs that his or her funeral expenses, all just debts and the costs and expenses of administration of his or her estate be paid out of his or her personal property. If that be insufficient, the first to die hereby authorizes his or her executor or executrix, as the case may be, to sell so much of the real estate of the first to die as may be necessary for that purpose.

SECOND: The first to die hereby gives, wills, devises and bequeaths to the survivor absolutely and forever all of the rest, residue and remainder of his or her estate of whatever nature and description and wherever located or situated after the payment of the obligations referred to in paragraph "First" hereof.

THIRD: The survivor hereby directs that out of his or her estate his or her funeral expenses, all just debts and the costs of administration of his or her estate be paid out of his or her personal property. If that be insufficient, the survivor hereby authorizes his or her executor or executrix, as the case may be, to sell so much of the survivor's real estate as may be necessary for that purpose.

FOURTH: The survivor hereby gives, wills, devises and bequeaths all of the rest, residue and remainder of his or her estate, real, personal and mixed, of whatever nature and description and wherever located or situated, after the payment of the obligations referred to in paragraph "Third" hereof and expressly subject to the privilege and right of the survivor to use all or any portion of said estate for his or her use and benefit in the event the survivor in his or her sole discretion may elect so to do, to our children, Frank Gust Peterson, Martha Christina Freiberger, Doris Margaret Peterson, George Edwin Peterson and Mary Ellen Peterson, to be divided among said herein named five children in accordance with the direction of the survivor by a separate last will and testament or other direction to the end that there shall be an equal distribution among our said five herein named children of our estate after taking into consideration advancements or any gifts which we have heretofore made to the two older children, namely, Frank Gust Peterson and Martha Christina Freiberger. By this provision it is the intention of the makers hereof that the survivor shall prior to his or her death in some manner as in his or her discretion shall seem best equalize the property, real and personal, between our five children so that all children may have received an equal amount either by gift during the lifetime of the survivor or by gift heretofore made to said children, or lastly, by reason of separate devises and bequests to be made under the will of the survivor of us, express authority being hereby given to the survivor to make such devises and bequests to said children in order to accomplish the purpose herein stated. This provision shall not be construed as limiting or restricting the rights of the survivor to make the devises and bequests in such amounts and to such children as in his or her own personal discretion the survivor shall determine to be proper; it being the intention of the makers hereof that our estate shall be confined within our five children in so far as the devises or bequests of the residue of the estate of the survivor shall be concerned.

Decedent died on August 2, 1949, and the will was thereafter admitted to probate in the County Court of Garden County, Nebraska. He left surviving him his widow, the executrix herein, and their five children. The widow elected to take under the will, and on October 9, 1951, the County Court ordered all of decedent's estate to be assigned, paid, and distributed to her as sole devisee and legatee. No one interested in the estate, other than the widow, appeared in the probate matter, and there is no action now pending in any court, nor so far as is now known is there any action intended, in which any of

the beneficiaries named in the will contend that the widow does not have the right and power to spend, consume, or dissipate any of the assets mentioned above.

At the time of his death, decedent owned property subject to probate of a total value of $176,589.08. In addition, his gross estate for estate tax purposes included other property of a total value of $254,922.30 which consisted of the following items:

(a) The proceeds of two life insurance policies each payable in a lump sum to the surviving widow in the total amount of $5,134.88.

(b) United States Savings Bonds, Series E, registered in co-ownership form in the names of decedent and his wife, of a total value of $3,941.75.

(c) A residence acquired in 1944 by decedent and his wife as joint tenants with right of survivorship of a value of $10,000.

(d) A beneficial interest in a trust of realty created on July 26, 1949 (after the execution of the will in the instant case but before decedent's death), which interest was owned by decedent and his wife as joint tenants with right of survivorship of a value of $235,845.67.[1]

Petitioner contends that the estate is entitled to a marital deduction equal to one-half of the adjusted gross estate pursuant to section 812 (e) of the Internal Revenue Code of 1939. Respondent, on the other hand, contends that the widow received a terminable interest in all the property which passed to her from decedent within the meaning of section 812 (e) (1) (B) of the 1939 Code, and that therefore no marital deduction is allowable in the instant case. We agree with respondent for the reasons set out below.

Subject to the general limitation of 50 per centum of the adjusted gross estate, section 812 (e) (1) (A) of the 1939 Code allows a marital deduction in an amount equal to the value of any interest in property "which passes or has passed from the decedent to his surviving spouse," to the extent that such interest is included in determining the value of the gross estate. All of the property interests set out above (i. e., the property subject to probate, the life insurance proceeds, and the jointly owned property) were included in determining the value of decedent's gross estate and are considered as "passing from decedent" within the meaning of the Code. See section 811 (a), (g) (2), and (e), and section 812 (e) (3) (A), (G), and (E), Internal Revenue Code of 1939 then in effect. Section 812 (e) (1) (B) of the 1939 Code, however, provides in part as follows:

---

[1] This trust was apparently created by decedent and his two brothers and their wives in order to facilitate the partition of certain realty into three equal parts. On December 23, 1949, pursuant to the trust agreement, the trustees conveyed a piece of realty to decedent's widow as surviving joint tenant and therefore the sole owner of that beneficial interest in the trust.

Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

In the instant case, we think that by the terms of the joint and mutual will, as construed under the law of Nebraska in accordance with decisions discussed *infra*, the interest in all the above property which passed to the widow will terminate upon her death; that an interest in the same property also passed under the joint will from decedent to the children; and that the children will come into possession and enjoyment of the property upon the death of the widow.

The parties agree that the nature of the property interest acquired by the widow is determined by Nebraska law. We therefore consider first the effect given to the will by the Nebraska courts. See *Helvering* v. *Stuart*, 317 U. S. 154, and *Estate of Emmet Awtry*, 22 T. C. 91.

In the instant case, the joint will is a single instrument which is both testamentary and contractual in nature. It is testamentary in that it disposes of the decedent's probate estate; it is contractual in the sense that terms therein also affect the property of the survivor. Nebraska law has long recognized and enforced the contractual nature of mutual and reciprocal wills such as were contained in the joint will executed by decedent and the widow in the instant case. Such wills are held to be irrevocable particularly when, upon the death of the first to die, the survivor accepts the benefits of the devise or bequest in his favor. *Brown* v. *Webster*, 90 Neb. 591, 134 N. W. 185 (1912).

The joint and mutual will in the instant case provided that the first to die thereby devised all of his estate "to the survivor absolutely and forever." The will further provided, however, that the survivor thereby devised all of her estate, "expressly subject to the privilege and right of the survivor to use all or any portion of said estate for his or her use and benefit in the event the survivor in his or her sole discretion may elect so to do, to our children." It seems clear to us upon study of the entire document that the couple intended therein to provide for the ultimate disposition of all property owned by them. They intended that the survivor should use all their property for the survivor's benefit and distribute it ultimately by will or gift to the chil-

dren. The Nebraska courts are required by statute to construe instruments such as the one involved herein so as "to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument." Neb. Rev. Stat. (1943), sec. 76-205. Accordingly, we believe upon the authority of the cases discussed below that the will instrument (and the agreement contained therein) would be construed under Nebraska law to limit the widow's interest in property owned by her or acquired by her at decedent's death to that of a life tenant with power of use and disposition for her support, comfort, and enjoyment only.

In *Annable* v. *Ricedorff*, 140 Neb. 93, 299 N. W. 373 (1941), the testator devised to his wife all his estate, "to her own use and benefit forever; and it is my desire and wish that after her death, that all the property remaining, shall be divided equally between my son Burr and my daughter Belle." The County Court in which the estate was probated assigned all property to the wife "to her own use and benefit." In a subsequent partition action brought in the District Court and later appealed to the Supreme Court of Nebraska, that court held that the order of the County Court did not determine the respective rights of the devisees, that the widow was entitled to a life estate only with power to dispose of and use the property "only so far as the same might be reasonably necessary for her support, comfort and enjoyment," that gifts by the widow of decedent's realty were void, and that conveyances for consideration of such realty were effective to convey her life estate only. Although the *Annable* case concerned the construction of a single will, we believe that the principles expressed therein are applicable to the construction of both the testamentary terms and the contractual arrangements contained in a joint and mutual will.

In *Mack* v. *Swanson*, 140 Neb. 295, 299 N. W. 543 (1941), mutual wills which were executed pursuant to an oral contract provided, as in the instant case, that certain persons were to receive the property of each testator upon the death of the survivor. It was therein held that those persons may enforce their rights to the property in equity against other devisees and legatees named in a subsequent will of the survivor. It should be noted that the *Mack* case enforced the contractual arrangement apparently with respect both to property received under the will of the first to die and to property then separately owned by the survivor or thereafter acquired by the survivor. Cf. *Jessop* v. *Brown*, 140 Neb. 770, 178 N. W. 633 (1920).

In the instant case, under the principle of the *Mack* case, the five children acquired an enforceable remainder interest in all property passing to the widow. It is our view that this property interest

passed to them from decedent within the meaning of section 812 (e) (1) (B) by virtue of his contractual arrangement for the ultimate disposition of all property owned by himself and his wife.

To summarize our views, under Nebraska law when the widow in the instant case elected to take under the will, the contractual terms of the joint will became irrevocable, *Brown* v. *Webster, supra,* the widow thereafter held all property as a life tenant with the right to use it only for her support, comfort, and enjoyment, *Annable* v. *Ricedorff, supra,* and the children thereby acquired an interest in the property which is enforceable in equity, *Mack* v. *Swanson, supra.* The widow's interest in decedent's probate estate passed to her under the testamentary terms of the joint and mutual will. Her interest in the insurance proceeds and the jointly owned property (bonds and realty which she acquired by right of survivorship), on the other hand, passed to her subject to the contractual terms of the instrument. Her property interests in both instances, however, were subject to the same limitations, for she thereafter held all property as a life tenant with a limited power of use and disposition. Cf. *Estate of Emmet Awtry, supra* (p. 96), in which we held that a joint and mutual will had the effect of passing to the survivor for life, with remainder to the named nieces and nephews, all of the property owned by decedent and his wife including the assets held by them as joint owners.

For all of the reasons expressed above, we hold that all property interests which "passed" to the widow from decedent within the meaning of the Code were terminable interests which are disqualified for the marital deduction by section 812 (e) (1) (B).

Petitioner contends specifically that the beneficial interest in the trust of realty (see (d) above) which passed to the widow by right of survivorship is not subject to the terms of the will because the joint tenancy in that interest was created by decedent and the widow *after* the joint will was executed by them. Under our analysis of Nebraska law as applied to the facts in the instant case, we believe it is immaterial when the joint tenancy was created since the property interest passed to the widow subject to the contractual terms of the will document.

In view of our ultimate determination, we find it unnecessary to consider respondent's objection to the admissibility of the order of the County Court in the probate proceeding, which was included in the stipulation of facts subject to such objection.

Other adjustments determined by respondent were not assigned as error by petitioner.

*Decision will be entered under Rule 50.*