## Lingousky v. Gillespie

*Anthony C. Falvello* and *Joseph J. Ustynoski*, for plaintiffs.

*Laputka, Bayles, Ecker & Cohen* and *Houck, Bohorad & Lipkin*, for defendants.

APONICK, J., April 15, 1957.—This is an action in equity to impress a trust upon the proceeds of certain savings bonds which were issued in joint names. One of the joint owners died and plaintiffs are her husband and three children. Defendants are the administrator of her estate and the surviving coöwners who are brothers and a sister of decedent. Defendants have

moved for judgment on the pleadings consisting of a complaint and answer.

The principal contention of defendants, on this motion, is that section 315.45 of the "Regulations Governing United States Savings Bonds", issued by the United States Treasury Department, is conclusive in the decision of this case. This section reads, in part, as follows:

"(c) *Payment or reissue after the death of one coöwner.* If either coöwner dies without having presented and surrendered the bond for payment or authorized reissue, the surviving coöwner will be recognized as the sole and absolute owner of the bond and payment or reissue will be made only to such survivor, as though the bond were registered in his name alone."

Defendants contend that the surviving coöwner is the sole and absolute owner of the bonds, and that this court has no jurisdiction or power to do otherwise than to enter judgment for defendants, and permit the bonds to be paid to them by the United States Government.

We need cite no authority for the proposition that the Federal regulations enjoy the status of Federal law and are superior to any State law and binding on the State courts. That doctrine, however, is not applicable to this case. The complaint does not ask to have the bonds paid to anyone other than defendants whose names appear thereon. However, plaintiffs seek to impress a trust on the proceeds of those bonds because, as they allege, the names of defendants were inserted thereon in fraud of the rights of plaintiffs in the estate of decedent. They admit that the legal title to the bonds is in defendants but they allege that the equitable title to the proceeds is in them.

If the contention of defendants that the regulations are conclusive, not only as to the legal title of the bonds

themselves but also as to the proceeds thereof, was accepted without qualification, United States Savings Bonds would become the impenetrable sanctuary of ill-gotten gains and an excellent instrumentality for the perpetration of deliberate fraud. Although there is no case in point in Pennsylvania to which we have been referred by counsel, or which our independent research has uncovered, the courts of other States have not hesitated to impress constructive trusts on the proceeds in order to achieve a fair result: Ibey v. Ibey, 93 N. H. 434, 43 A. 2d 157 (Supreme Court of New Hampshire) ; Anderson v. Benson, 117 F. Supp. 765 (U. S. D. C., Nebraska) ; Chase v. Leiter, 96 Cal. App. 2d 439, 215 P. 2d 756 (Court of Appeals of California).

A case very similar to this one, on its facts and in the relief sought, is that of Union National Bank v. Jessell, 358 Mo. 467, 215 S. W. 2d 474, where the court said, page 475:

"The United States Treasury Bonds are governed by the laws of the United States and the regulations of the United States Treasury Department and, on their face,. are payable to the named beneficiaries. Warren v. U. S., 68 Ct. Cl. 634; In re Deyo's Estate, 42 N. Y. S. (2) 379; In re Kalina's Will, 53 N. Y. S. 2d 775 and the collection of cases in 168 A. L. R. 245. In this case, however, the Court has not decreed otherwise. The Court has decreed that the named payees cash the bonds and deliver the proceeds to the executor in accordance with the will and there is nothing in this phase of the decree contrary to either the laws of the United States or the regulations of the United States Treasury Department. *Those laws and regulations do not prevent the declaration of a resulting trust in bonds purchased in fraud of marital rights.* Succession of Geagan, 212 La. 574, 33 So. (2) 118; Makinen

v. George, 19 Wash. (2) 340, 142 P. (2) 910, 917." (Italics supplied.)

We think that the doctrine of those cases is directly applicable to the case before us and is so founded upon equity and justice, that it may well be adopted by the courts of Pennsylvania.

At the argument of this case, defendants relied very strongly upon the case of Graham Estate, 3 D. & C. 2d 218. That case is not authority upon the question here involved. In that case, decedent left three savings bonds which were payable to her and "payable on death" one to each of her three children. She left a will in which she bequeathed all of her estate to the same three children. Her surviving husband elected to take against the will and claimed that the three bonds should be part of the estate for the purposes of distribution. The court decreed, and properly so, that the bonds were covered by the regulations and that they were payable to the three children. There was no question of fraud in that case, but merely the question of title to the bonds. Therein lies the distinguishing feature between the two cases.

Since the argument, defendants' counsel have called our attention to the case of Dowd v. Lynch, 45 Luz. 5. That case is likewise not in point. There plaintiff brought replevin to recover certain bonds and defendant sought to impress a lien thereon to cover inheritance taxes which had been erroneously paid. There was no question of the title to the bonds and no allegation of fraud. Therefore, there is no analogy to the case at bar.

This contention having been ruled adversely to defendants, there is no question that judgment on the pleadings cannot be granted. Plaintiffs allege that there was fraud in the manner in which the bonds were issued and this is denied by defendants. This raises a clear-cut question of fact to be determined at the

trial. Furthermore, it is only in clear cases that summary judgment will be granted: Waldman v. Shoemaker, 367 Pa. 587, 589. This is not such a case.

Accordingly, the motion of defendants for judgment on the pleadings is denied.